UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | CIVIL ACTION<br>NO. 1:24-cv-12592-DJC |

### **DEFENDANT WILLIAM GALVIN'S ANSWER**

Now comes the Defendant, William Galvin, in his official capacity as the Secretary of the Commonwealth of Massachusetts, and provides the following responses to the numbered paragraphs of the Complaint:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Defendant admits that VRF made a request for voter data from the Secretary's Election Division; the characterization of the request as "lawful" is a legal conclusion

to which no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding other states in which the Plaintiff may have submitted requests.

6. Paragraph 6 contains legal conclusions to which no response is required.

7. Paragraph 7 purports to characterize written responses to the Plaintiff's request, which documents speak for themselves.

8. Paragraph 8 contains legal conclusions to which no response is required. In addition, Paragraph 8 purports to characterize written correspondence, which correspondence speaks for itself.

9. Paragraph 9 contains legal conclusions to which no response is required. In addition, Paragraph 9 purports to characterize written correspondence, which correspondence speaks for itself.

10. Paragraph 10 contains legal conclusions to which no response is required.

## JURISDICTION AND VENUE

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

## PARTIES

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Admitted that Defendant is the Secretary of the Commonwealth of Massachusetts. The remainder of paragraph 14 contains legal conclusions and characterizations of the *Delgado* decision, which speaks for itself.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Admitted.

17. Paragraph 17 contains legal conclusions to which no response is required.

## BACKGROUND FACTS

18. Paragraph 18 contains legal conclusions to which no response is required.

19. Paragraph 19 contains legal conclusions to which no response is required.

20. Paragraph 20 contains legal conclusions to which no response is required.

21. Paragraph 21 contains legal conclusions to which no response is required.

22. Denied.

23. Denied.

24. Paragraph 24 contains legal conclusions to which no response is required.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required.

27. Paragraph 27 contains legal conclusions to which no response is required.

28. Paragraph 28 contains legal conclusions to which no response is required.

29. Paragraph 29 contains legal conclusions to which no response is required.

30. Admitted that the Registry includes voter data of Massachusetts voters. The citation to G.L. c. 51, § 47C requires no response as the statute speaks for itself.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. Paragraph 32 contains legal conclusions to which no response is required.

33. Paragraph 33 contains legal conclusions to which no response is required.

34. Paragraph 34 contains legal conclusions to which no response is required.

35. Paragraph 35 contains legal conclusions to which no response is required.

36. Paragraph 36 contains legal conclusions to which no response is required.

37. Paragraph 37 purports to quote from Webster's Third New International Dictionary, which speaks for itself.

38. Paragraph 38 contains legal conclusions to which no response is required.

39. Paragraph 39 contains legal conclusions to which no response is required.

40. Admitted that the list-maintenance activities help ensure that the voter rolls are accurate. The remainder of Paragraph 40 contains legal conclusions to which no response is required.

41. Paragraph 41 contains legal conclusions to which no response is required.

42. Paragraph 42 contains legal conclusions to which no response is required.

43. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required.

45. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 45.

46. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 46.

47. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 47.

48. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 48.

49. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 49.

50. Defendant is without knowledge or information sufficient to form a basis for a belief

as to the truth of the allegations in Paragraph 50.

51. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 51.

52. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 52.

53. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 53.

54. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 54.

55. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 55.

56. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 56.

57. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 57.

58. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 58.

59. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 59.

60. Defendant is without knowledge or information sufficient to form a basis for a belief as to the truth of the allegations in Paragraph 60.

61. Denied.

62. Paragraph 62 purports to characterize the contents of a document attached to the

Complaint as Exhibit A, which document speaks for itself.

63. Paragraph 63 purports to characterize the contents of a document attached to the Complaint as Exhibit B, which document speaks for itself.

64. Paragraph 64 purports to characterize the contents of a document attached to the Complaint as Exhibit B, which document speaks for itself.

65. Admitted.

66. Paragraph 66 contains legal conclusions to which no response is required.

67. Paragraph 67 contains legal conclusions to which no response is required.

68. Paragraph 68 purports to characterize the contents of a document attached to the Complaint as Exhibit C, which document speaks for itself.

69. Admitted that the document attached as Exhibit C is a true and correct copy of correspondence received by the Secretary.

70. Paragraph 70 purports to characterize the contents of a document attached to the Complaint as Exhibit C, which document speaks for itself.

71. Paragraph 71 purports to characterize the contents of a document attached to the Complaint as Exhibit C, which document speaks for itself.

72. Paragraph 72 purports to characterize the contents of a document attached to the Complaint as Exhibit C, which document speaks for itself.

73. Paragraph 73 purports to characterize the contents of a document attached to the Complaint as Exhibit C, which document speaks for itself.

74. Admitted.

75. Paragraph 75 contains legal conclusions to which no response is required. The Secretary denies that the information is not available to VRF.

76. Paragraph 76 purports to characterize a written document attached to the Complaint as Exhibit D, which document speaks for itself.

77. Admitted.

78. Admitted that the Secretary did not respond to the September 10, 2024 letter; the remaining allegations in Paragraph 78, including that the information is not available to VRF, are denied.

79. Paragraph 79 contains legal conclusions to which no response is required.

## COUNT I

80. Defendant restates and realleges its responses to Paragraphs 1-79 above.

81. Paragraph 81 contains legal conclusions to which no response is required.

82. Paragraph 82 contains legal conclusions to which no response is required.

83. Paragraph 83 contains legal conclusions to which no response is required.

84. Paragraph 84 contains legal conclusions to which no response is required.

85. Paragraph 85 contains legal conclusions to which no response is required.

86. Paragraph 86 contains legal conclusions to which no response is required.

87. Paragraph 87 contains legal conclusions to which no response is required.

88. Paragraph 88 contains legal conclusions to which no response is required.

89. Paragraph 89 contains legal conclusions to which no response is required.

90. Paragraph 90 contains legal conclusions to which no response is required.

91. Paragraph 91 contains legal conclusions to which no response is required.

92. Paragraph 92 contains legal conclusions to which no response is required.

93. Paragraph 93 contains legal conclusions to which no response is required.

94. Paragraph 94 contains legal conclusions to which no response is required.

95. Admitted that VRF could obtain the records from local election officials. The remainder of Paragraph 95 contains legal conclusions to which no response is required.

96. Paragraph 96 contains legal conclusions to which no response is required.

97. Paragraph 97 contains legal conclusions to which no response is required.

98. Paragraph 98 contains legal conclusions to which no response is required.

99. Paragraph 99 contains legal conclusions to which no response is required.

100. Paragraph 100 contains legal conclusions to which no response is required.

## COUNT II

101. Defendant restates and realleges its responses to Paragraphs 1-100 above.

102. Paragraph 102 purports to characterize a document attached to the Complaint as Exhibit A, which document speaks for itself.

103. Paragraph 103 contains legal conclusions to which no response is required.

104. Paragraph 104 purports to characterize a document attached to the Complaint as Exhibit B, which document speaks for itself.

105. Paragraph 105 contains legal conclusions to which no response is required.

106. Paragraph 106 purports to characterize a document attached to the Complaint as Exhibit C, which document speaks for itself.

107. Admitted.

108. Paragraph 108 contains legal conclusions to which no response is required.

109. Paragraph 109 contains legal conclusions to which no response is required.

110. Paragraph 110 contains legal conclusions to which no response is required.

111. Paragraph 111 contains legal conclusions to which no response is required.

112. Paragraph 112 contains legal conclusions to which no response is required.

## COUNT III

113. Defendant restates and realleges its responses to Paragraphs 1 through 112 above.

114. Paragraph 114 contains legal conclusions to which no response is required.

115. Paragraph 115 contains legal conclusions to which no response is required.

116. Paragraph 116 contains legal conclusions to which no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent and hereby reserves the right to amend his Answer and to assert any such defense by appropriate motion.

Respectfully submitted,

WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts

By his attorney,

ANDREA JOY CAMPBELL
*Attorney General*

 /s/ Anne Sterman
Anne Sterman, BBO No. 650426
Phoebe Fischer-Groban, BBO No. 687068
*Assistant Attorneys General*
Government Bureau
One Ashburton Place
Boston, Massachusetts 02108
617-963-2524
anne.sterman@mass.gov

DATED: November 15, 2024

## **CERTIFICATE OF SERVICE**

      I certify that this document, filed through the Court's ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) on November 15, 2024.

                                              /s/ Anne Sterman
                                              Anne Sterman
                                              Assistant Attorney General