UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM GALVIN, IN HIS OFFICIAL CAPAICTY AS SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:24-cv-12592-DJC |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 59(e), Defendant William Galvin, in his official capacity as Secretary of the Commonwealth of Massachusetts, respectfully asks this Court to alter or amend the Memorandum and Order (the "Order"), dated March 26, 2026, Docket No. 44, which misstates the Secretary's position on one of the central disputed issues in this case. Specifically, the Secretary asks the Court to: (1) remove several sentences in the Order that incorrectly state that the Secretary agrees, or does not dispute, that the statewide voter list is a "record" that must be made available under the National Voter Registration Act (NVRA); and (2) consider whether other changes to the Order are necessary in light of the Court's misstatements of the Secretary's position in this case.

## BACKGROUND

This case arises from a 2024 request made by Plaintiff Voter Reference Foundation (VRF) to the Secretary for a copy of voter registration data for all Massachusetts registered

voters in Massachusetts' database of registered voters under the public disclosure provision of the NVRA, 52 U.S.C. § 20507(i)(1). Order at 5.

The Secretary's office hosts a database of registered voters in Massachusetts known as the Voter Registration Information System (VRIS). Order at 4. Pursuant to Mass. Gen. Laws ch. 51, § 47C, this database—referred to in the law as the "central registry of voters"—"shall contain, if provided by [city and town] registrars, the names addresses and effective dates of registration of all registered voters in the Commonwealth."[1] While the Secretary hosts VRIS, local election officials maintain and update their registered voters' information in the database. Order at 4. In response to VRF's 2024 request, the Secretary directed VRF to local election officials, who could provide the voter registration information VRF sought from VRIS for the registered voters in their city or town. Order at 6.

VRF filed a three-count complaint in this Court against the Secretary, alleging that Mass. Gen. Laws ch. 51, § 47C, is preempted by the NVRA; that the Secretary violated the public disclosure provision of the NVRA, 52 U.S.C. § 20507(i)(1), by declining to produce a statewide voter list to VRF, instead referring VRF to local election officials; and seeking declaratory relief on those claims. Order at 1. The parties cross-moved for summary judgment, and the Secretary moved to dismiss VRF's complaint for lack of standing. In the Order, the Court allowed VRF's motion for summary judgment, and denied the Secretary's motion to dismiss. *Id.*

[1] This law also provides that the "names and addresses contained in said central registry shall not be a matter of public record; provided however, that they shall be available to state party committees, statewide candidate committees, state ballot question committees, the jury commissioner, adjutant general and any other individual, agency or entity that the state secretary shall designate by regulation consistent with the purposes of this section, at a fair and reasonable cost not to exceed the cost of printing or preparing computer readable documents." Mass. Gen. Laws ch. 51, § 47C.

## ARGUMENT

The Secretary respectfully requests that the Court amend its Order because it repeatedly incorrectly states that the Secretary did not dispute VRF's position on one of the core disputed issues in this case. "To secure relief under Rule 59(e), a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). Here, on page five of the Order, the Court states that the "parties *agree* that the statewide voter list, which includes the requested voter data, must be made available under the NVRA," and on page 21 again states that it "is *undisputed* here that the statewide voter list is a 'record' within the meaning of the NVRA." (emphases added).

These statements are incorrect. While the Secretary did not dispute that the voter registration information in the VRIS database must be disclosed under the NVRA, the key dispute in this case was whether a statewide list of voter registration information generated from VRIS is a "record" that the Secretary must produce to requestors like VRF under the NVRA. The Secretary repeatedly argued in his memorandum in support of his motion for summary judgment that "[n]othing in the plain text or the structure of the NVRA . . . entitles VRF to receive the voter registration information in a single statewide list." Def.'s Mem. at 13[2], Docket No. 32. *See also* id. at 16 ("the NVRA simply requires that voter registration information is maintained and available for public inspection, not that it be made available in the combined format that VRF would like or from the Secretary himself"); *id.* at 18 ("There is also no requirement under the NVRA that VRF be provided with the voter registration information of every registered voter in the Commonwealth from VRIS in a single statewide list."). Therefore, the Secretary absolutely

[2] Page cites are to the document's original pagination.

disputed at summary judgment that the statewide voter list is a "record" that the Secretary must produce under the NVRA.

The summary judgment record further confirms that the Secretary disputed this issue. As support for the statements on pages 5 and 21 of the Order, the Court's Order cites to one of VRF's statements of fact, and the Secretary's response to that statement of fact, copied below. The Secretary's response to this statement of fact shows that the Secretary did not concede that a statewide voter list was a "record" the Secretary must produce under the NVRA:

> [VRF Statement of Fact No. 6]: The Secretary admits that Massachusetts' statewide voter list (Ex. C, the "Voter List") must be made publicly available under the NVRA. Ex. A, ¶ 6. The "Voter History Data" VRF sought is included in the Voter List. Ex. D, Sec.'s Responses to Second ROGs, ¶20.
>
> [Secretary's Response]: Undisputed that the voter information identified in Exhibit A, which is contained in the Central Registry of Voters database, must be made available pursuant to the NVRA's Public Inspection Provision, but disputed that the Public Inspection Provision requires the Secretary to provide this data. Ex. A, ¶ 6.

Def.'s Response at 3 ¶ 6, Docket No. 33. It is important to note that the "Exhibit C" to which VRF's statement of fact refers, and which VRF misleadingly labels the "Voter List," is a single page showing the data fields that can be generated in a report from VRIS. Ex. C, Docket No. 30-4. It is not a statewide voter list. In his response to this statement of fact, the Secretary did not dispute that the voter information identified in that exhibit must be disclosed, but again disputed, as he has throughout this case, that the Secretary must generate a report from VRIS containing this information and provide it to requesters.

The record also shows that the Secretary was consistent in this position throughout discovery. VRF's record support for the statement of fact copied above is the Secretary's response to a request for admission:

> [VRF's Request for Admission No. 6]: Admit the Central Registry of Voters must be made available pursuant to the NVRA's Public Inspection Provision, 52 U.S.C. § 20507(i)(1).
>
> [Secretary's Response]: Admitted that the voter information identified in the VRIS extract attached hereto as Exhibit A, which is contained in the Central Registry of Voters database, must be made available pursuant to the NVRA's Public Inspection Provision, 52 U.S.C. § 20507(i)(1), but denied that the Central Registry of Voters itself must be made available pursuant to that provision, or that the NVRA requires that the Secretary provide this data.

Ex. A at 2-3, Docket. No. 30-2. Again, the Secretary admitted, consistent with his later response to VRF's statement of facts, that the fields of voter information identified in the VRIS extract must be disclosed under the NVRA, but denied that Massachusetts' database itself must be disclosed (which was the specific request for admission), or that the data must be provided in a consolidated format, from the Secretary.

Despite the Secretary's consistent position throughout this case, VRF claimed in its memorandum in support of its motion for summary judgment that "the Secretary agrees that Massachusetts' statewide Voter List . . . must be made available under the NVRA's Public Disclosure Provision," Pl.'s Br. at 8, Docket No. 30. But as demonstrated above, this claim is contradicted by the Secretary's consistent position from the beginning of the case, and VRF's use of the capitalized term "Voter List" is misleading, as it mischaracterizes the exhibit to which it refers, which simply shows the data fields that can be generated from VRIS.

The Order's repeated reference to this incorrect statement of the record is a significant error on the face of the Order. It also likely impacted the Court's analysis on both substantive counts of the complaint. For example, the Court distinguished its decision from the decision of another session of the Court, which had concluded that the Secretary had not violated the NVRA's public disclosure provision by declining to produce a statewide voter list to a requestor. The Court explained that the cases were different because "that case did not address a core

argument underlying VRF's claim here: that the full statewide voter list is in and of itself a record within the meaning of the NRVA." Order at 20. But on this "core argument," the Court misstated that "it is undisputed here that the statewide voter list is a record within the meaning of the NVRA." Order at 21. This misstatement of the Secretary's position thus impacted the rest of the analysis that followed, which presumed that the Secretary *agreed* that the statewide voter list was a record that must be disclosed. *See* Order at 22 (rejecting Secretary's argument about "[p]roviding access to 351 local voter lists" because it "does not relieve Massachusetts of its obligation to produce the full statewide voter list as a record in and of itself"); *id.* at 27 (rejecting Secretary's argument that he may delegate disclosure of voter information and "refuse to fulfill record requests directed to him for records within his possession").

## CONCLUSION

For these reasons, the Secretary respectfully requests that the Court amend its Order, Docket No. 44, by removing the sentences discussed above from pages five and 21 of the Order that inaccurately state that the Secretary does not dispute whether the statewide voter list is a record under the NVRA; and considering what, if any, other changes should be made to the Order as a result.

April 23, 2025

Respectfully submitted,

WILLIAM GALVIN, in his official capacity as
Secretary of the Commonwealth of Massachusetts,

By his attorney,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ Phoebe Fischer-Groban*
Anne Sterman, BBO No. 650426
Phoebe Fischer-Groban, BBO No. 687068
Assistant Attorneys General

Government Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2589
Anne.sterman@mass.gov
phoebe.fischer-groban@mass.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participant on April 23, 2026.

*/s/ Phoebe Fischer-Groban*
Phoebe Fischer-Groban
Assistant Attorney General