**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **VOTER REFERENCE FOUNDATION, LLC,** Plaintiff, | ) | |
| **v.** | ) | **Civil Action: 1:24-CV-12592-DJC** |
| **WILLIAM GALVIN**, in his official capacity as Secretary of the Commonwealth of Massachusetts, Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT**

Defendant Secretary of State William Galvin (the "Secretary") claims the Court repeatedly misstated the record in a way that he alleges "likely impacted the Court's analysis…" *Mem. In Support of Defendant's Motion to Alter or Amend Judgment* (Dkt. 48) ("SOS Br.") at 4-5. He blames Plaintiff Voter Reference Foundation, LLC ("VRF") for "misleading" the Court regarding whether a particular issue was in dispute. *Id.* at 5. The Court did not repeatedly, or ever, misstate the record and VRF never misled the Court.

The Court held that the statewide voter list is a record that must be produced under the NVRA. *Memorandum and Order* (Dkt. 44) ("Order") at 21-23. The Court arrived at that conclusion based on its own analysis of the facts and law, and, specifically, binding First Circuit precedent. *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 49 (1st Cir. 2024). The record and briefing in this case indicate that the Secretary did not dispute that the statewide voter list was a record that must be produced under the NVRA. Rather, he disputed only that *he* must be the one to produce it. Both the Court and VRF correctly understood this to be his argument. The Court addressed and rejected it. Accordingly, there is no basis to alter or amend the Court's decision.

Moreover, even if the Secretary had disputed this fact, which he didn't, it would have had no bearing on the outcome of this case. The Secretary's motion should be denied.

## LEGAL STANDARD

Relief under Rule 59(e) is an "extraordinary remedy," *Oklahoma Firefighters Pension & Ret. Sys. v. Biogen Inc.*, No. CV 22-10200-WGY, 2024 WL 3178638, at *2 (D. Mass. Mar. 19, 2024), that is "granted sparingly." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

## ARGUMENT

### I. The Court correctly held that the statewide voter list must be made available independent of whether the Secretary disputed it or not.

The Secretary's sole challenge to this Court's order is that the Court stated on pages 5 and 21 of its Order that it was undisputed that the statewide voter list is a record that must be made available under the NVRA. SOS Br. (Dkt. 48) at 3. As explained in Section II, this claim is meritless because the Secretary did not contest this issue. But more importantly, whether the Secretary disputed this fact is of no moment because the Court conducted its own detailed, independent analysis of whether the statewide voter list must be made available under the NVRA. Relying on binding authority from the First Circuit, the Court held:

> Bellows makes clear that the **full statewide voter list** is a "record" within the meaning of NVRA's public disclosure provision…. Here, "all records" necessarily includes the **full statewide voter list**. See id. at 48-49. That **statewide voter lists** are records under the NVRA has been consistently recognized by other courts. See, e.g., Torrez, 727 F. Supp. 3d at 1213-14 (collecting cases); Matthews, 589 F. Supp. 3d at 942 (collecting cases); Knapp, 749 F. Supp. 3d at 569 (noting that the "weight of authority surrounding the NVRA supports [the] conclusion" that voter data in a state's computerized voter registration database are "records" under the NVRA). Thus, the Secretary's argument that he need not disclose the **statewide voter list**

> because VRF can access the same information by reaching out to 351 local election officials fails for the simple reason that it "adds limitations to [the statute] where Congress did not" by "overlook[ing] the sweeping language that Congress adopted, which makes 'all records concerning the implementation of' **[Massachusetts]'s voter list** registration and maintenance activities subject to disclosure." Bellows, 92 F.4th at 48 (emphasis in original) (quoting 52 U.S.C. § 20507(i)(1))…. **The full statewide voter list is a record that must be made available under the NVRA.**

Order (Dkt. 44) at 21-23 (emphasis added). The Court continued:

> The Court is not persuaded by the Secretary's suggestion that Comm. for Mass. Voter Identification Ballot Question forecloses VRF's claim under the public disclosure provision, see D. 39 at 1-2, because of the distinct legal questions and factual record before this session of the Court. Specifically, that case did not address a core argument underlying VRF's claim here: **that the full statewide voter list is in and of itself a record within the meaning of the NVRA**, D. 1 ¶¶ 36-44; D. 30 at 17-18, and it cannot be obtained from local election officials, D. 30 ¶ 12; D. 33 ¶ 12.

*Id.* at 20. See also *id.* at 17 ("…just like Maine's Voter File, the statewide voter list is an electronic report generated from the VRIS…"); *id.* at 23 ("That the statewide voter list is a record that must be disclosed under the NVRA is further underscored by the fact that the Secretary makes it available to certain political entities and recipients of his choosing…This is particularly true given that the Secretary has produced the statewide voter list to entities unenumerated by Massachusetts's law without promulgating a regulation in accordance with the law's mandate…The full statewide voter list is a record that must be made available under the NVRA.").

No part of the Court's conclusion that the full statewide voter list is a NVRA record hinged on whether the Parties agreed (or disagreed) on this point. Rather, under *Bellows*, the text of the NVRA, and the facts of this case, the Court correctly concluded that the statewide voter list is a record that must be made available under the NVRA.

The Court's independent analysis belies the Secretary's claim that the alleged "incorrect statement of the record…likely impacted the Court's analysis on both substantive counts of the complaint." SOS Br. (Dkt. 48) at 5. Notably, the Secretary does not identify what the "impact"

was, nor could he. The Secretary's position on whether the statewide voter list was a record under the NVRA had no impact on the Court's decision. The motion fails for this reason alone.

## II. The Secretary's summary judgment argument was limited to *who* must make the voter list available, not *whether* it must be made available at all.

The Secretary's motion accuses VRF of misleading the Court by mischaracterizing the Secretary's position. SOS Br. (Dkt. 48) at 4-5. But VRF did not misrepresent the record, and the Court clearly was not misled. The record demonstrates that the Secretary did not, in fact, dispute that the voter information requested by VRF is a record that must be made available under the NVRA. The Secretary's discovery responses and briefing in this case further indicated that he did not contest the availability of the statewide voter list under the NVRA, but only that *he*, as Secretary of the Commonwealth, was the party obligated to produce the list. Even the Secretary's quotation to the summary judgment record in his motion underscores this point. The Secretary cites to his response to VRF's statement of facts:

> [VRF Statement of Fact No. 6]: The Secretary admits that Massachusetts' statewide voter list (Ex. C, the "Voter List") must be made publicly available under the NVRA. Ex. A, ¶ 6. The "Voter History Data" VRF sought is included in the Voter List. Ex. D, Sec.'s Responses to Second ROGs, ¶20.
>
> [Secretary's Response]: Undisputed that the voter information identified in Exhibit A, which is contained in the Central Registry of Voters database, must be made available pursuant to the NVRA's Public Inspection Provision, but *disputed that the Public Inspection Provision requires the Secretary to provide this data*. Ex. A, ¶ 6.

SOS Br. (Dkt. 48) at 4 (quoting *Defendant's Response to Plaintiff's Statement of Undisputed Material Facts* (Dkt. 33) (emphasis added)). Despite the Secretary's unfounded claim that VRF "misleadingly" characterized the voter list, it is clear that the Secretary's dispute was about whether *he* must produce it. In addition, elsewhere in the record, the Secretary did not dispute VRF's characterization of the requested voter registration data as a "voter list":

> [VRF RFA #23] Admit You maintain records sufficient to respond to VRF's request for "[a] current copy of the Massachusetts voter registration data from the central registry of voters," (i.e., the official Massachusetts voter list).
>
> [Secretary's response] Admitted.

*Brief in Support of Plaintiff's Motion for Summary Judgment*, Ex. F, Sec.'s Responses to Second RFAs (Dkt. 30-7) at ¶23.

Consistent with the record and briefing, the Court correctly described the Secretary's position:

> The Secretary cross-moves for summary judgment on the grounds that: (1) Massachusetts complies with the public disclosure provision by making the VRIS voter information available through local election officials; (2) the NVRA does not require that the Secretary himself provide voter data to VRF; and (3) the NVRA does not dictate that Massachusetts provide voter registration information in a *single* statewide list.

Order (Dkt. #44) at 19 (emphasis added). In other words, the Court understood the Secretary's argument to be that VRF was entitled to a voter list through local election officials, just not in the format of a "single" or "full" voter list from the Secretary. *Id.* at 21. See also *id.* at 14 ("The Secretary cross-moves for summary judgment on the ground that the law does not preclude disclosure of VRIS voter data because VRF has access to the statewide voter list through 351 local election officials who can each access and produce VRIS voter data for their respective local jurisdiction. D. 32 at 19-20."); *id.* at 22 ("…Providing access to 351 local voter lists, even if, *arguendo*, taken together they provide the same information contained in the statewide voter list, does not relieve Massachusetts of its obligation to produce the full statewide voter list as a record in and of itself…"); *id.* at 24 ("As the Court has ruled that the statewide voter list is a record under the NVRA, the inquiry turns to whether Massachusetts effectively made that statewide voter list available for public inspection by purportedly delegating disclosure of local voter lists to 351 local election officials. The Court concludes it has not. It is undisputed here that local officials cannot

produce the statewide voter list in its entirety."); *id.* at 27 ("Thus, the Secretary, as the only state entity who maintains the statewide voter list, must produce it.").

Put another way, the Court (and VRF) understood the Secretary's argument to be that while *he* was not the one required to turn over the statewide voter information, the NVRA entitled VRF to receive that information *from someone*. And even now, the Secretary's motion concedes (once again) that the information in the VRIS database from which the statewide voter list is created must be produced under the NVRA. SOS Br. (Dkt. 48) at 3.

In short, the record reveals that the Court correctly stated that the Parties agreed that "the statewide voter list…must be made available under the NVRA," Order (Dkt. 44) at 5, and that it was undisputed that the "statewide voter list is a record within the meaning of the NVRA…and the Secretary is the only election official in Massachusetts who can make the *full* list available." *Id.* at 21 (citations omitted) (emphasis added). But, for the reasons addressed in Section I, even if both the Court and VRF misapprehended the Secretary's position on this point, the outcome would not change.

## III. At bottom, the Secretary's motion appears to be a repackaging of an argument already raised and rejected by the Court.

The Secretary's admission in his motion that he "did not dispute that the voter registration information in the VRIS database must be disclosed under the NVRA" is puzzling. SOS Br. (Dkt. 48) at 3. As best VRF can ascertain, this admission suggests that the Secretary's motion is merely a repackaging of his claim that VRF is entitled to voter information for the entire state but must obtain that information piecemeal from 351 local election officials rather than from the Secretary.

The Secretary's selected citations to his summary judgment brief support the conclusion that his current motion is merely a repackaging of his get-it-from-someone-else argument. He contends that pages 13, 16, and 18 of his summary judgment brief reflect that he repeatedly argued

that "the key dispute in this case was whether a statewide list of voter registration information generated from VRIS is a 'record' that the Secretary must produce to requestors like VRF under the NVRA." SOS Br. (Dkt. 48) at 3 (citing pages 13, 16, and 18 of *Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and In Support of Motion to Dismiss and Cross-Motion for Summary Judgment* ("SOS Summary Judgment Br.") (Dkt. 32)).

More specifically, the Secretary quotes page 13 of his prior brief for the assertion that he "repeatedly argued" that "[n]othing in the plain text or the structure of the NVRA . . . entitles VRF to receive the voter registration information in a single statewide list." SOS Br. (Dkt. 48) at 3 (citing SOS Summary Judgment Br., Dkt. 32 at 13). But the Secretary's analysis in that section of his summary judgment brief is about whether the Secretary, as the state's chief election official, has the statutory obligation to directly produce the information in a single list. *See* SOS Summary Judgment Br. (Dkt. 32) at 13.

The Secretary then quotes page 16 of his brief to say that he contended that "the NVRA simply requires that voter registration information is maintained and available for public inspection, not that it be made available in the combined format that VRF would like or from the Secretary himself." SOS Br. (Dkt. 48) at 4 (citing SOS Summary Judgment Br. (Dkt. 32) at 16). This argument follows the same section quoted from page 13 of his summary judgment brief which, as noted above, is focused on whose duty it is to produce, not whether a statewide voter list is a record that must be made available. It appears that this section of the Secretary's summary judgment brief again made the get-it-from-someone-else argument—albeit in two distinct ways. First, the Secretary argued that he did not have to produce the statewide list himself. And second, he argued that the statewide list did not have be made available in the combined format that VRF wants. This is the same issue. SOS Summary Judgment Br. (Dkt. 32) at 16-18. The "uncombined"

format would be VRF going to all 351 local election officials to compile the list itself. *Id.* at 18-19. The "combined" format is getting it from the Secretary. *Id.* at 16. The Secretary admits this at the top of page 17 of his summary judgment brief, shortly after the quote cited in his motion: "Here, it is undisputed that VRF can obtain all the voter registration information from VRIS electronically from local election officials. The Secretary is aware of no case in which a court has decided the question of whether the chief State election official, as the coordinator of a state's responsibilities under the NVRA, must directly provide the records required to be disclosed under the public disclosure provision." *Id.* at 17.

Finally, the Secretary's motion cites to page 18 of his summary judgment brief to assert that he had argued that "[t]here is also no requirement under the NVRA that VRF be provided with the voter registration information of every registered voter in the Commonwealth from VRIS in a single statewide list." SOS Br. (Dkt. 48) at 3 (citing SOS Summary Judgment Br. (Dkt. 32) at 18). But the very next sentence says: "The Secretary does not dispute that the voter registration information in VRIS falls under the public disclosure provision. *See Pub. Interest Legal Found., Inc. v. Bellows*, 92 F.4th 36, 49 (1st Cir. 2024) (name and voter registration information for all registered voters maintained in Maine database encompassed by § 20507(i)(1))." *Id*. The Secretary then proceeds to argue that VRF has no right to dictate how records are produced, capping his argument off with the following:

> Here, it is undisputed that VRF can obtain an electronic copy of all of the voter registration information from VRIS from local election officials. Although VRF complains that they may be prevented from "obtaining a statewide Voter list as of a single point in time," it has not identified with any specificity how that violates the public disclosure provision or impacts the accuracy of the underlying voter registration information that each municipality maintains and is required to produce under Massachusetts law. It is undisputed that local election officials are required by law to make all voter registration information from VRIS available to the public with no restrictions on their use or publication in compliance with the public disclosure provision of the NVRA.

SOS Summary Judgment Br. (Dkt. 32) at 19.

In context, all three cited parts of the Secretary's summary judgment brief focus on *who* must produce the data which he admits must be made available, not *whether* the statewide voter list must be made available under the NVRA. That argument was squarely addressed and rejected by the Court:

> As the Court has ruled that the statewide voter list is a record under the NVRA, the inquiry turns to whether Massachusetts effectively made that statewide voter list available for public inspection by purportedly delegating disclosure of local voter lists to 351 local election officials. The Court concludes it has not. It is undisputed here that local officials cannot produce the statewide voter list in its entirety. D. 30 ¶ 12; D. 33 at 5 ¶ 12. …
>
> ***
>
> Thus, the Secretary, as the only state entity who maintains the statewide voter list, must produce it.

Order (Dkt. 44) at 24, 27. *See also* Section I, *supra*.

A Rule 59(e) motion is not an appropriate vehicle for a party to reargue points that the Court has already rejected. *Palmer*, 465 F.3d at 30.

**CONCLUSION**

For the reasons stated above, the Secretary's motion should be denied.

Respectfully submitted this 7th day of May, 2026.

**GRAVES GARRETT GREIM LLC**
*/s/ Edward D. Greim*
Edward D. Greim (MO 54034)*
Matthew R. Mueller (MO 70263)*
**Admitted Pro Hac Vice*
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com
mmueller@gravesgarrett.com

**ASHCROFT LAW FIRM**
Michael Sullivan (MA Bar #487210)
200 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-9400
msullivan@ashcroftlawfirm.com

*Counsel for Plaintiff Voter Reference Foundation, LLC*

**CERTIFICATE OF SERVICE**

I certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2026.

*/s/ Edward D. Greim*
Edward D. Greim